Orris Whitney, Respondent, v. The National Bank of Potsdam, Appellant.

The plaintiff purchased from the defendant the supposed note of W., giving his own in exchange. In an action brought by him against W., upon the purchased note, judgment went against him for costs, it being found that the signature was a forgery. The plaintiff, being sued upon his own note by the holder to whom the defendant had transferred it, defended on the ground of want of consideration, and judgment went against him for the amount of the note and costs. In his action against the defendant, — *Held*, that he could recover, together with the amount paid by him in satisfaction of his note, the costs of his unsuccessful action against W. (of which the defendant had notice), but not the costs of his unsuccessful defence upon his own note.

(Argued March 31; decided April 4, 1871.)

Appeal from the late General Term of the Supreme Court in the Fourth judicial district.

The action was to recover the amount paid in satisfaction of a promissory note given by the plaintiff to the defendant, as alleged, and as the jury have found, upon the purchase of a note made by one Joseph Whitney, and purporting to have been indorsed by one Daniel Whitney, and the costs of the prosecution and defence of a suit upon the plaintiff's note, which was transferred by the defendant before due, and upon which a judgment was recovered against the plaintiff, and also the costs of an unsuccessful action against Daniel Whitney upon his indorsement, in which the plaintiff was defeated for the reason that the indorsement proved to be a forgery. The plaintiff had judgment upon the verdict of the jury for the whole amount claimed, which judgment was affirmed at General Term, and the defendant has appealed to this court.

*W. H. Savage*, for the appellant.

*C. O. Tappan*, for the respondent.

Allen, J. Two questions of fact were litigated upon the trial, and were submitted to and passed upon by the jury:

1. Whether the plaintiff, upon the occasion of giving his note to the defendant, which he was subsequently compelled to pay, purchased and took title to the note purporting to have been indorsed by Daniel Whitney, or whether he gave his note in payment and satisfaction of that note; and, 2. Whether the indorsement of Daniel Whitney was genuine or a forgery.

These questions were distinctly submitted to the jury, and they have found both in favor of the plaintiff, that is, that the indorsement was forged, and that the plaintiff did purchase and take title to the note, and did not pay and satisfy the same. Both parties acting in good faith, and supposing the indorsement to be genuine, the plaintiff was entitled, upon these facts, to recover the amount paid upon the purchase, with the interest thereon. (*Herrick* v. *Whitney*, 15 Johns., 240; *Canal Bank* v. *Bank of Albany*, 1 Hill, 287; *Coolidge* v. *Brigham*, 5 Metc., 68.) The plaintiff gave the defendant, in payment for the purchased note, his own note, payable in sixty days, which note, before maturity, was transferred in the ordinary course of business, and for value. The note being dishonored, an action was brought thereon by the holder, which was defended by the present plaintiff, and a recovery had against him; and, under an objection and an exception properly taken, he was permitted to recover in this action, as well the costs included in that judgment against him, as the costs and expenses incurred in the defence. For this, there is no authority; and it cannot be sustained upon principle. He defended the action for his own benefit, and took the chances of the experiment to impeach the title of the holder, so as to make the want of consideration a defence; and, failing, he cannot charge the expense of the litigation upon the defendant. These costs were not a necessary result of the breach of warranty of the genuineness of the note transferred. The damages that may be recovered in an action upon a warranty are those, and only those, that are incident to, and result from, the breach of the warranty.

The defendants had transferred the note, and payment to the holder would have given the plaintiff his action, and he

should have paid it and taken his remedy over against the defendant. The costs of that action were not the result or a consequence of the breach of the defendant's contract of warranty, but of the plaintiff's default in the performance of his own contract to pay his note to the holder. These costs should have been disallowed.

The costs of the action against the indorser upon the forged indorsement, and which were made and incurred in the attempt to establish the genuineness of the note which the defendant had transferred as genuine, and warranted as such, are upon a different footing. There was no question made upon the trial as to the good faith of that action or that it was collusive, and although the judgment was not treated upon the trial as evidence of the forgery, it probably might have been accepted as conclusive evidence of that fact, the defendant having had notice of the action and an opportunity to take part in its prosecution. But evidence was given on both sides as to the genuineness of the indorsement and the question submitted to the jury as an open question. The case shows that the defendant claimed and earnestly insisted at all' times that the indorsement was genuine and the note valid against all the parties to it, and claimed that, if there was to be any litigation, it must be between the plaintiff and Daniel Whitney, whose name was upon the note as indorser. There is nothing to distinguish this case from *Delaware Bank* v. *Jarvis* (20 N. Y., 226), or take it out of the ordinary rule applicable to cases similarly circumstanced. Whether the transferee of a note is bound to bring an action and have an adjudication as to its validity before he can recover of the transferor upon the implied warranty of its validity may be doubtful, but that he is at liberty to do so, and if defeated may recover the costs incurred by him from his assignee, is well settled. The plaintiff is entitled to the benefit of this rule. There should be deducted from the recovery the amount included therein for the costs in the action upon the plaintiff's note. The judgment should be reversed and a new trial granted, costs to abide event, unless the plaintiff remits from

the recovery $344.19 as of the date of the verdict, and in case that sum is deducted the judgment should be affirmed for the balance without costs to either party upon this appeal.

GROVER, PECKHAM, FOLGER and ANDREWS, JJ., concur.

GROVER, J., was also inclined to the opinion that the costs of the plaintiff's suit on the indorsement should be deducted.

Chief judge did not hear the argument.

Judgment according to the opinion of ALLEN, J.