# THIRD DEPARTMENT.

## GENERAL TERM, MARCH, 1874.

---

BELL v. DAGG, appellant.

*Promissory notes — liability of seller of forged paper — Damages.*

Plaintiff bought of defendant a promissory note not due, purporting to be made by B, defendant declining to make himself responsible therefor. The note not being paid, plaintiff sued B, who set up that his signature was forged. Plaintiff asked defendant to prosecute the case, and gave him notice that he should hold him responsible for all costs if the note was proved to be forged. Defendant refused to prosecute, and, at the trial, the note was held to be forged.

*Held,* that these facts established a cause of action against defendant; that the judgment of B was conclusive evidence, as to defendant, of the forgery of the name of B, and the amount of costs plaintiff had to pay him, and that defendant was liable to plaintiff for the amount paid for the note, and the costs and expenses he was subjected to on account of the action against B.

*Held,* also, that in such an action, although no fraud is shown, the rule of damages is the same as it would be in an action upon an express warranty accompanied with fraudulent knowledge and representations.

APPEAL from a judgment for the plaintiff upon the report of a referee. The action was brought to recover the amount of money paid by the plaintiff, Calvin H. Bell, to the defendant, Walter Dagg, for a note purporting to have been made by one Joseph Brown for $200, and alleged by him to be forged, together with the costs paid out by the plaintiff in prosecuting an action in the supreme court. Plaintiff sued Brown on said note, and on the trial plaintiff was beaten on account of the establishment of the forgery. The defendant in this suit had notice of all the proceedings in the action against Brown, and was requested to take charge of and prosecute that action.

This action was referred to B. R. Johnson, Esq., who reported in favor of plaintiff for the amount paid for the note, and interest, and

also for the costs to which he was subjected in prosecuting the action against Brown.    Other necessary facts appear in the opinion.

*W. Youmans* and *D. D. Niles,* for appellant, cited *Thomas* v. *Beebe,* 25 N. Y. 244; *Ross* v. *Mather,* 51 id. 110 ; *Wakeman* v. *Dalley,* id. 27; *Meyer* v. *Amidon,* 45 id. 169 ; *Oberlander* v. *Spiess,* id. 175 ; *Marsh* v. *Falker,* 40 id. 562; *Bayard* v. *Malcolm,* 2 Johns. 550; *Moore* v. *Noble,* 53 Barb. 425; *McGovern* v. *Payn,* 32 id. 83 ; *Marshall* v. *Gray,* 57 id. 414; *Curtis* v. *Brooks,* 37 id. 476; 1 Wait's Pr. 518, 519; Van Santv. Pl. (Moak) 470 ; 2 Kent's Com. (11th ed.) 647.

*C. H. Bell,* respondent in person, cited *Delaware Bank* v. *Jarvis,* 20 N. Y. 228 ; *Bennett* v. *Judson,* 21 id. 238 ; *Fowler* v. *Abrams,* 3 E. D. Smith, 1; *Craig* v. *Ward,* 36 Barb. 378; *Canal Bank* v. *Bank of Albany,* 1 Hill, 287 ; *Swartwout* v. *Payne,* 19 Johns. 296 ; *Blasdale* v. *Babcock,* 1 id. 517 ; *Kip* v. *Brigham,* 6 id. 158; *Kip* v. *Brigham,* 7 id. 168 ; *Barney* v. *Dewey,* 13 id. 225 ; *Ford* v. *Smith,* 1 Wend. 148; *Jackson* v. *Hill,* 5 id. 532 ; *Whitney* v. *National Bank of Potsdam,* 45 N. Y. 303; *Fake* v. *Smith,* 7 Abb. N. S. 106 ; *Foster* v. *Newbrough,* 8 Alb. L. J. 300.

BOARDMAN, J.    The plaintiff bought of defendant a promissory note of one Brown, not due, for $200, the defendant declining to make himself responsible for its payment.    When it became due it was not paid, and plaintiff brought an action upon it against Brown. Brown, defending, alleged that the signature of his name to the note was a forgery.    Plaintiff then gave notice of the action and of the defense to this defendant, and asked him to take charge of the case, and that he (plaintiff) should hold him (defendant) responsible for all costs accruing thereby, if such note was held to be forged.    Defendant refused to take any part in that action, and upon the trial the note was held to be forged.

Plaintiff thereupon brought this action against the defendant, and on the trial before the referee recovered the amount paid by plaintiff for the note, the costs paid by plaintiff to Brown, and the costs incurred by plaintiff in the prosecution against Brown, with interest on the two sums first named, amounting in all to $519.63. No objections were made to the pleadings, or to the sufficiency of the proof under the pleadings, except as hereafter stated, or to the

Bell v. Dagg.

admission or rejection of evidence that we are called upon to review. The only exceptions urged are directed toward the findings of fact and law by the referee. If, therefore, a cause of action was made out by the evidence, and if the referee has found the facts in accordance with such evidence, no ground for an exception will remain outside of his findings of law.

The cases are too recent and pointed to doubt that a cause of action was made out. Three cases in the court of appeals settle every point against the defendant. *Delaware Bank* v. *Jarvis*, 20 N. Y. 228; *Fake* v. *Smith*, 7 Abb. N. S. 106; *Whitney* v. *Nat. Bank of Potsdam*, 45 N. Y. 303.

By these cases it is held that the facts proved constitute a cause of action; that the judgment against Brown is conclusive evidence of the fact of the forgery, and of the amount of costs which plaintiff was bound to pay Brown, and that defendant, by reason of his privity or community of interest with plaintiff in that action, is estopped from denying in this action the forgery of said note, or his liability for the costs recovered thereby against plaintiff after plaintiff shall have paid them to Brown. Those cases are also authority for holding that the costs and expenses incurred on the part and behalf of the plaintiff in the action against Brown are also legitimate damages which the plaintiff is entitled to recover in this action. As no objection is made to any specific item of the damages recovered, I will assume none exists, and that the amount of the recovery is correct if the action is sustained.

The attempt of the defendant to reverse this judgment upon the ground that there is no evidence of fraud in the case must fail. The complaint seems to be of that mongrel kind known as for a fraudulent warranty. *Fowler* v. *Abrams*, 3 E. D. Smith, 1. While no fraud is shown by the evidence or the report of the referee, the law in all such cases raises an implied warranty of genuineness of signature. Under such implied warranty the rule of damages is as above laid down, and the same as would be recovered in an action on an express warranty accompanied with fraudulent knowledge and representations.

The defendant, on his motion for a nonsuit, seemed to have supposed that the element of fraud being struck out of the case, the plaintiff's action must fail. In this he was mistaken. Strike out every element of fraud in the case and the cause of action would remain as perfect as ever. Nor does the fact that defendant dis-

claimed any further responsibility for the note, when he parted with it to plaintiff, save him. Such disclaimer did not cover the implied obligation or warranty that the note was genuine, but assuming that fact, it exempted the defendant from the liability for the payment of the note in case the maker was irresponsible.

Being satisfied that a good cause of action was made out, and that no valid defense thereto was established, the judgment appealed from should be affirmed, with costs.

*Judgment affirmed.*