Rapallo, J.
There can be no doubt of the correctness of the general proposition that, upon the sale of a note or other written obligation, there is an implied warranty by the vendor of the genuineness of the instrument. (Whitney v. National Bank of Potsdam, 45 N. Y., 305.) But it is equally certain that the contract of sale may be made in such form as to exclude the warranty of genuineness, which would be implied by law in case of a contract silent upon that subject. If, at the time of the sale of the note in question, which was oral, the vendor expressly declined to warrant the genuineness of the note, no such warranty could be implied. The rule “ Faypressum fácil cessare taciturn ” would apply. This rule is frequently adverted to in cases where promises or covenants are sought to be implied. Upon a general acknowledgment of indebtedness, where nothing is said to prevent *531 it, the law implies a promise to pay, which will take a case out of the operation of the statute of limitations; but when the party guards his acknowledgment, and accompanies it with an express declaration to prevent any such implication, the rule applies. (Tanner v. Smart, 6 Barn. & Cress., 603, 609.)
In the present case, according to the plaintiff’s own testimony, the defendant offered to him for sale the note in question, which was made by one Brown, payable to the order of one Cutter, for $200. The plaintiff offered $180 for it. Defendant disclaimed any personal acquaintance with Brown. The plaintiff testified that he was engaged in the business of buying notes; that he knew Brown, had seen him write, and had his signature in his office at the time, and had another note of his. That he said to defendant that he (plaintiff) knew Brown, and his signature, and thought the note his. That the defendant said that plaintiff knew more about Brown’s responsibility and signature than he (defendant) did, and he (defendant) did not like to guarantee the note, and refused to do so. In another part of his examination, the plaintiff testified that defendant said that plaintiff knew more about the man than he did, and if he sold the note at such a shave, he did not like to guarantee it. The plaintiff, after this refusal, purchased the note of defendant, for $180. This was the substance of all the evidence bearing upon the question of warranty.
The defendant’s counsel moved for a nonsuit upon the ground, among others, that the evidence showed that the implied contract of warranty, as presumed in such cases by the law, was expressly waived and overcome by the plaintiff at the time of the purchase of the-note, and was overcome by an express contract and refusal to warrant.
We are of opinion that this position of the defendant’s counsel was well taken, and that the nonsuit should have been granted. The plaintiff’s evidence showed that the genuineness of the note, as well as the responsibility of the maker, were the subject of discussion in the negotiation for *532 the sale of the note, and the conversation respecting a guarantee by the defendant, and that the defendant’s refusal to warrant extended to both. The plaintiff evidently relied upon his own knowledge of the signature of Brown, and the defendant placed his refusal to warrant on the ground of this superior knowledge of the plaintiff, and the shave which he demanded. The defendant’s counsel contends that a general refusal to guarantee, of itself, excludes any implied warranty of the genuineness of the note. We are not prepared to go to that extent. If nothing had been said in respect to the genuineness of the note, a general refusal to guarantee might well have been understood as confined to the responsibility of the maker. In such a case, it would be presumable that the question of genuineness was not within the contemplation of the parties. But where it appears, as in this case, that in connection with the subject of a guarantee by the defendant, the question of genuineness was discussed, the knowledge on that subject possessed by the respective parties compared, the plaintiff professing knowledge of the signature, and expressing his opinion that it was genuine, and the defendant disclaiming any knowledge on the subject, and placing his refusal to guarantee on the ground of the superior knowledge of the plaintiff, and of the amount of the discount which he demanded, we think there is no room left for implying a guarantee by the defendant of the genuineness of the note. The subject having been expressly mentioned and embraced in the negotiation, no tacit understanding in respect to it can be presumed.
It was perfectly competent for the plaintiff to take upon himself the risk of the correctness of his own judgment in respect to the signature, and we think the evidence shows that he did so. The result showed that his judgment was reliable, for the referee found that the note was, in fact, genuine; but this fact cannot avail the defendant here, he-being estopped by the judgment in favor of Brown, in the action upon the note, of which action he was notified by the plaintiff.
*533 No fraud upon the part of the defendant was shown. There was an entire failure to prove the allegations in this respect contained in the complaint.
The judgment should he reversed, and a new trial ordered, with costs to abide the event.
All concur; Miller, J., not sitting.
Judgment reversed.