# NATHAN LITTAUER, RESPONDENT, *v.* MARCUS GOLDMAN, APPELLANT.

*Promissory note — sale of, without indorsement — liability of vendor if it be usurious — Implied warranty.*

The owner of a promissory note, by selling and transferring the same, although without indorsement, warrants the validity thereof, and in case such note is usurious and void, he is liable to the purchaser for the price paid by the latter, with interest thereon, even though at the time of the sale he was ignorant of the usury, and though he made no representation as to the validity of the note.

Such indorser is liable for the costs of an action brought by the purchaser against the maker of the note, in which the defense of usury was sustained, when he has been duly notified of the pendency of the action and of the defense interposed therein.

APPEAL from an order overruling a demurrer interposed to the complaint herein. The action was brought to recover the purchase-price of a promissory note, sold but not indorsed by the defendant to the plaintiff, and the expenses of a suit brought thereon against the makers, of which suit defendant had notice. The note was usurious.

*E. H. Benn,* for the appellant.

*B. W. Huntington,* for the respondent.

DAVIS, P. J.:

The material allegations of the complaint as admitted by the demurrer are, in substance, that the defendant sold to the plaintiff a promissory note which was void for usury in its inception, and which, in an action brought by the plaintiff to recover the same, has been adjudged void, and the plaintiff thrown in costs. The note was sold by the defendant to the plaintiff without any express representation or guarantee; and the defendant is not alleged to have been connected with the usurious origin of the note. The defendant's demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was overruled by the court below.

We think that the action can be maintained for the recovery of the money paid by the plaintiff to the defendant for the note, with interest and the costs of the suit, the defendant having been notified of the pendency of the action and of the defense interposed. In *The Delaware Bank* v. *Jarvis* (20 N. Y., 226) the sale of a usurious note was made under similar circumstances, and the purchaser had been defeated in a suit brought against the maker. No express representations or warranty were there made. In that case the defendant had himself purchased the note at a usurious premium and the court below had affirmed the judgment against him, putting stress to some extent upon the fact of his connection with the usury which avoided the note. The opinion of the Court of Appeals was pronounced by COMSTOCK, J.; and after expressing his substantial concurrence with the court below, he proceeds to say: "In the case before us I do not entertain any doubt that the defendant impliedly warranted against any legal defense to an action to be brought on the note. His very act of transferring it to the plaintiff was the strongest possible assertion that no such defense existed." And in another part of the opinion he declares, "that the authorities settle the doctrine in general terms that the vendor of a chose in action, in the absence of express stipulation, impliedly warrants its legal soundness and validity."

In *Webb* v. *Odell* (49 N. Y., 583) the notes sold by the defendants to the plaintiff, were represented to be business paper, when, in fact, they were accommodation notes. They were bought by the plaintiff at such rates as rendered them void for usury. The plaintiff sought to recover back the purchase money on learning the facts. The court held that the plaintiff was entitled to recover; and in the course of his opinion CHURCH, Ch. J., says: "They (the notes) appeared like business paper, but were radically different, so different as to change their nature as well as their marketable value. The maxim, *caveat emptor*, is not applicable in such a case."

In *Gompertz* v. *Bartlett* (75 Eng. Com. L. R., 849) an unstamped bill of exchange, indorsed in blank, purporting to be a foreign bill, was sold without recourse. It proved to be a domestic bill, and it was invalid without a stamp, although both vendor and vendee were unaware of the defect, and it was held that "the purchaser was entitled to recover back the price from the vendor on the

ground that it did not answer the description by which it was sold." There is no doubt about the right to recover back in case the note sold be a forged one. ( *Whitney* v. *National Bank of Potsdam*, 45 N. Y., 305; *Bell* v. *Dagg*, 60 id., 530.)

The note in this case was absolutely void by statute. The fact that rendered it void existed prior to and at the time of the sale. There was no express representation by the defendant; but we think, under the authorities both in this country and in England, there is an implied warranty that the note is what it purports to be, a legal, valid instrument. It is nothing unless it be this. A recovery in this case stands equally well upon the ground of implied warranty, and upon the ground of a total failure of consideration.

In this case the defendant sold to plaintiff an article of apparent value, which has turned out by the test of judicial proceedings of which the defendant had notice, to have been at the time of the sale of no value whatever. The plaintiff, therefore, received nothing from the defendant for his money; and upon such total failure of consideration, the law implies a promise to return the money, and gives an action for its recovery.

The order of the court below should be affirmed with costs, and with the usual leave to the defendant to answer over on payment of costs.

Brady and Daniels, JJ., concurred.

Order affirmed, with costs, and with the usual leave to the defendant to answer over on payment of costs.