The Corn Exchange Bank, Respondent, *v.* The Nassau Bank, Appellant.

A check, dated November 9, 1874, drawn upon plaintiff, a New York city bank, the indorsement of the payees whereon had been forged, was paid by it to defendant, who had received it from a depositor in the regular course of business, and charged it to the drawer's account. In March, 1876, the drawers notified plaintiff of the forgery and commenced suit against it to recover the moneys withheld by it on account of the check. Notice of the suit was given to defendant, judgment was recovered therein against plaintiff, and after payment thereof this action was brought. It appeared that neither plaintiff nor the drawer of the check took any measures to ascertain the genuineness of the indorsement until about the time of the commencement of the action ; that if this had been done the forgery would have been discovered, and defendant, if it had been notified thereof, could have protected itself from loss by calling upon its depositor. *Held,* that defendant was liable for the amount of the check with simple interest from the time of payment ; that no duty to defendant rested on plaintiff to examine and ascertain as to the genuineness of the indorsement before paying ; and that it was not estopped by the delay ; but that defendant was not liable for the costs in the suit against plaintiff ; that having failed in its duty to its depositors it could not charge the expense of an action caused by such default upon a third person.

*Elwood* v. *Deifendorf* (5 Barb. 398), *Thompson* v. *Taylor* (72 N. Y. 32), *Delaware Bank* v. *Jarvis* (20 id. 226), distinguished.

Also *held,* that evidence was properly excluded of a usage among banks in the city of New York, making it plaintiff's duty to examine and satisfy itself as to the genuineness of the indorsement and to return the same immediately if not good.

A local usage cannot be set up to contradict or alter a rule of law.

(Argued December 6, 1882 ; decided January 16, 1883.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 28, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

It appears from the complaint that on the 9th of November, 1874, Messrs. Kunhardt & Co. were depositors with the plaintiff, and on that day made their check upon it, payable to the order of William Ives and John Waters,

for the sum of $19,000.   On the next day it was presented, and then, purporting to be indorsed by the payees, was paid to the defendant and charged to the drawer's account. On the 23d of March, 1876, Kunhardt & Co. notified the plaintiff that the indorsement was forged, and commenced suit for the recovery of the moneys withheld from them on account of said check and obtained judgment therefor, with costs. Notice of this suit was at its commencement given to the defendant, and after payment of the judgment the plaintiff demanded repayment of the amount so paid, and offered to return the check to it; being refused, it brought this action. Issue was taken by answer on the question of forgery, and it also set up that the check was received by the defendant from one B., its depositor, in the regular course of business, for collection, and after collection credited to him and so became subject to his check; that his account continued and was good for an amount exceeding the check during the greater portion of the time from its date up to and including March, 1876; that it was retained by the plaintiff until December 3, 1874, when it returned it to Kunhardt & Co.; that no steps were in the mean time taken by it to ascertain the genuineness of the indorsement, nor by Kunhardt & Co., until March 23, 1876; that the defendant's depositor (B.) became insolvent, and by reason of the omission of the plaintiff and Kunhardt & Co. to discover the forgery and notify the defendant, its position had been altered to its injury.  Upon the trial it was conceded that the signature of the payees of the check was forged, and it was proven that neither the plaintiff nor Kunhardt & Co. took any measures to ascertain its genuineness until the time above mentioned.   There was also evidence from which it was apparent that if it had been otherwise the forgery would have been discovered and the defendant, if notified thereof, might have protected itself from loss by calling upon its depositor " B." Various exceptions were taken during the trial, and at its close the defendant asked to go to the jury; first, upon the question " whether the defendant has not shown that it was injured to the full extent of the $19,000 and interest, or to some part

thereof, by the plaintiff's negligence or *laches* in failing to give notice of the alleged mistake;" second, whether it has not proved a loss suffered by it in consequence of the mistake committed by the plaintiff, to the full extent of the check and interest; third, whether in consequence of the recognition by the plaintiff of the check in question, the defendant did not pay out to its depositor (B.) the moneys held on deposit for him on that and subsequent days, or some part thereof. This was denied. Thereupon the court directed a verdict for the plaintiff, for $27,553.43, made up, first, of the amount of the judgment recovered against the plaintiff by Kunhardt & Co.; second, of plaintiff's expenses in defending that action; third, interest on the judgment. To the allowance of each item the defendant excepted. After verdict, in pursuance of this direction, the defendant moved upon the minutes for a new trial. It was denied. An appeal was taken from the judgment and the order denying a new trial, to the General Term, where both were affirmed, and from its decision the defendant appeals to this court.

*Joseph H. Choate* for appellant. Where a payment has been made under a mistake of a material fact, no recovery can be had, if the position of the party receiving payment, has been changed, in consequence to his disadvantage. (*Mayer* v. *The Mayor, etc.*, 63 N. Y. 455; *Nat. B'k of Commerce* v. *Nat. Mechs. B'k Assn.*, 55 id. 211; *Allen* v. *Fourth Nat. B'k*, 59 id. 12; *Rathbone* v. *Stocking*, 2 Barb. 145; *Macauley* v. *Corning*, 3 La. Ann. 409; *Gloucester B'k* v. *Salem B'k*, 17 Mass. 32; 2 Parsons on Notes and Bills, 597–9.) By means of the plaintiff's *laches*, and the consequent damage and change of position, to its detriment, inflicted upon the defendant, the plaintiff is clearly estopped from reclaiming the money. (*Voorhis* v. *Olmstead*, 66 N. Y. 113; *Cont'l Nat. B'k* v. *Nat. B'k Commw.*, 50 id. 575.) The judge erred in excluding the evidence offered to show the usage as to the duty of paying teller of the Corn Exchange Bank. (Lawson on Usages and Customs, 205, 206, 209, §§ 65, 67, 68, 72; id., 211, § 74; id., 485,

§ 248; *Ellis* v. *Ohio L. Ins. & T. Co.*, 4 Ohio St. 628.) Where a bank pays money on a check on which the indorsement of the payee is forged, the loss must fall on the bank and not on its depositor. (*Coggill* v. *Am. Exch. B'k*, 1 N. Y. 113; *Weisser* v. *Denison*, 10 id. 68; *Morgan* v. *B'k of State of N. Y.*, 11 id. 404; *Graves* v. *Am. Exch. B'k*, 16 id. 205; *Walsh* v. *German Am. B'k*, 73 id. 424; Morse on Banks and Banking [2d ed.], 350; Mayne's Law of Damages, 46; *Roach* v. *Thompson*, 4 C. & P. 194; *Whitney* v. *Nat. B'k of Potsdam*, 45 N. Y. 301.)

*John M. Bowers* for respondent. The indorsing of its clearing-house number on the check and its presentation through the clearing-house by the defendant to the plaintiff, from whom the defendant, by such means, received the face of the check, was an indorsement of the same and rendered the defendant liable as indorser. (*White* v. *Continental Nat. Bk.*, 64 N. Y. 316; *Susquehanna Valley Bk.* v. *Loomis*, 85 id. 207, 211.) No formal indorsement was necessary. (*Jones* v. *Ryde*, 5 Taunt. 488, 493; *Herrick* v. *Whitney*, 15 Johns. 240; Chitty on Bills [ed. of 1849], 245; *Brown* v. *B. & D. Bk.*, 6 Hill, 343; *Merchs.' Bk.* v. *Spicer*, 6 Wend. 443; *Rex* v. *Begg*, 3 P. Wms. 419; Story on Bills and Notes, § 121; *Herring* v. *Woodhull*, 29 Ill. 98; *Gibson* v. *Powell*, 6 How. [Miss.] 60.) An indorsement of commercial paper is a contract and warranty with every subsequent holder that the instrument itself and all the signatures, antecedent to the said indorsement thereon, are genuine, and the party who indorses a forged check and gives it currency must bear the loss. (*Turnbull* v. *Bowyer*, 40 N. Y. 460; *Canal Bk.* v. *Bk. of Albany*, 1 Hill, 287; *Bk. of Commerce* v. *Un. Bk.*, 3 N. Y. 230, 236.) The check having been paid by the plaintiff to the defendant through a mistake of fact as to such check having been indorsed by the payees, and without knowledge that the signatures of the payees were forged, the plaintiff is entitled to recover back the amounts paid out and interest. (*Bk. of Commerce* v. *Union Bk.*, 3 N. Y. 230; *Canal Bk.* v. *Bk. of Albany*, 1 Hill, 287; *Kingston Bk.* v.

*Ettinge,* 40 N. Y. 391; *Marine Bk.* v. *Nat. City Bk.,* 59 id. 67; *Holt* v. *Ross,* 59 Barb. 554.) The notice given the defendant was sufficient. (*Bk. of Commerce* v. *Union Bk.,* 3 N. Y. 230–237; *Canal Bk.* v. *Bk. of Albany,* 1 Hill, 287; *Weisser* v. *Denison,* 10 N. Y. 68–78; *Kingston Bk.* v. *Ettinge,* 40 id. 391; *Lawrence* v. *Am. Nat. Bk.,* 54 id. 432; *White* v. *Cont. Nat. Bk.,* 64 id. 319; *Nat. Bk. of Commerce* v. *Nat. Mechs.' Bk'g Ass'n,* 55 id. 211; *Mayer* v. *Mayor, etc.,* 63 id. 455; *Weisser* v. *Denison,* 10 id. 68; *Welch* v. *Ger. Am. Bk.,* 73 id. 424; *Frank* v. *Chemical Nat. Bk.,* 84 id. 209; *Talbot* v. *Bk. of Rochester,* 1 Hill, 297.) Neither the drawer nor plaintiff were affected by the acts of Barrett· (*Welch* v. *German Am. Bk.,* 73 N. Y. 424–430; *Robinson* v. *Chemical Nat. Bk.,* 86 id. 404; *Weisser* v. *Denison,* 10 id. 68; *Holtzinger* v. *Nat. Corn Exc. Bk.,* 6 Abb. [N. S.] 292.) The defendant having been notified of the pendency of the action instituted by Kunhardt & Co. against the plaintiff, the judgment recovered therein is conclusive as against the defend. ant as to all questions of fact determined. (*Heiser* v. *Hatch,* 86 N. Y. 614; *Adams* v. *Conover,* 87 id. 422; *Bridgeport Ins. Co.* v. *Wilson,* 34 id. 274; *City of Rochester* v. *Montgomery,* 72 id. 67; *Train* v. *Gould,* 22 Mass. 380.) Evidence of a usage among banks as to the examination of the genuineness of indorsements was properly rejected. (*Security Bk.* v. *Nat. Bk. of the Republic,* 67 N. Y. 455; *Fuller* v. *Robinson,* 86 id. 306, 309; *Woodruff* v. *Merchs.' Bk. of N. Y.,* 25 Wend. 673–674; *Merchs.' Bk.* v. *Woodruff,* 6 Hill, 174; *Bowen* v. *Newell,* 8 N. Y. 190; *Otsego Co. Bk.* v. *Warren,* 18 Barb. 295; *Wadley* v. *Davis,* 63 id. 502; *Perkins* v. *Pres'dt, etc., F. Bk.,* 21 Pick. 483; *Newbold* v. *Wright,* 4 Rawle [Penn.], 194; *Brown* v. *Jackson,* 2 Wash. C. C. 24; *Dodd* v. *Farlow,* 11 Allen, 426; *Reed* v. *Richardson,* 98 Mass. 216; *Stoever* v. *Whitman,* 6 Binn. 416; *Bolton* v. *Colder,* 1 Watts [Penn.], 360; *Eager* v. *Atlas Ins. Co.,* 14 Pick. 141; *Randall* v. *Rotch,* 12 id. 107; *Merchs.' Nat. Bk. of Whitehall* v. *Hall,* 83 N. Y. 338, 345; *Agawam Bk.* v. *Strever,* 18 id. 502, 512.) The defendant by its indorsement of the check and collection

of the money stands in the position of the indemnitor to the plaintiff, and having had notice of the suit against plaintiff, is liable for the costs and expenses of such action. (*Thompson* v. *Taylor*, 72 N. Y. 32; *Elwood* v. *Deifendorf*, 15 Barb. 398–413; *Turnbull* v. *Bowyer* 40 N. Y. 461; *Babcock* v. *Beman*, 11 id. 200; *Erwin* v. *Downs*, 15 id. 575; *Jones* v. *Brooks*, 4 Taunt. 466; *Hubbley* v. *Brown*, 16 Johns. 70; *Baker* v. *Martin*, 3 Barb. 635; *Whitney* v. *Nat. Bk. of Potsdam*, 45 N. Y. 303; *Delaware Bk.* v. *Jarvis*, 20 id. 226, 240; *Coolidge* v. *Bingham*, 5 Metc. 68; *City of Rochester* v. *Montgomery*, 72 N. Y. 65; *Kip* v. *Brigham*, 7 Johns. 167; *O'Brien* v. *McCann*, 58 N. Y. 373; *Fisher* v. *Fallows*, 5 Esp. 171; *Whipple* v. *Newton*, 17 Mass. 169; *Hart* v. *Deamer*, 16 Wend. 538; *Howe* v. *B., N. Y. & E. R. R. Co.*, 37 N. Y. 297; *People, ex rel. Van Keuren*, v. *B'd of Auditors*, 74 id. 310.)

DANFORTH, J.   The general question involved is answered by a series of decisions by this court in favor of the respondent. There is no imputation on the defendant with regard to the way in which it took the check of Kunhardt & Co., or the use made of it, but the plaintiff was thereby induced to part with its money without consideration, and the defendant, who received it, is bound to make restitution, unless the plaintiff, by some act or omission of its own, has lost the right to demand or sue for it. (*White* v. *Continental Nat. Bank*, 64 N. Y. 316; and cases there cited by ALLEN, J., 21 Am. Rep. 612.)

The appellant contends that it was the plaintiff's duty to examine and ascertain the genuineness of the payee's indorsement before paying the check, and that in default of doing so, it is as against the defendant estopped from denying its genuineness; but the authorities are the other way. (*Canal B'k* v. *Bank of Albany*, 1 Hill, 287; *Whitney* v. *Nat. Bank of Potsdam*, 45 N. Y. 303; *Holt* v. *Ross*, 54 id. 472; 13 Am. Rep. 615; *The Union Nat. B'k of Troy* v. *Sixth Nat. B'k of N. Y.*, 43 N. Y. 452; 3 Am. Rep. 718; *White* v. *Cont'l Nat. B'k, supra; Graves* v. *Am. Exch. B'k*, 17 N. Y. 205.)

The recovery, however, should have been limited to the amount of money received by the defendant from the plaintiff, with simple interest to the time of the rendition of the verdict. The plaintiff paid the check of Kunhardt & Co. at its own risk and without authority, and could have no defense to their action. (*Hall* v. *Fuller*, 5 B. & C. 750 ; *Morgan* v. *The Bank of the State of N. Y.*, 11 N. Y. 404.) There was no privity between Kunhardt & Co. and this defendant. The money received by it was not their money, and it was not liable to them. Their money was still on deposit with the plaintiff, and the plaintiff owed them for it.

The cases cited by the plaintiff are not analogous. *Elwood* v. *Deifendorf* (5 Barb. 398) and *Thompson* v. *Taylor* (72 N. Y. 32) stand upon the technical relation of principal and surety, and even then the right to indemnity was held not to extend to expenses incurred in defending against the just claim of the creditor. In *Delaware Bank* v. *Jarvis* (20 N. Y. 226) the defendant was the vendor of the note in question, and had received from the plaintiff the agreed price thereof. The costs in controversy were incurred in an action which failed because the note was void for usury taken by the vendor, and the recovery for costs allowed in that action was upheld upon the ground that the vendor of a chose in action impliedly warrants its soundness and validity, so far at least as he had been connected with its origin. In the other cases cited by the respondent, the plaintiff had become liable to costs in actions in which he had a remedy over against the then defendant, but in none of them did it appear that the action in which the costs were incurred was caused in whole or in part by the wrongful act or omission of duty on the part of the original defendant. No case I think can be found in which the right to costs of defending an action so caused has been upheld, and that is precisely the position of the plaintiff here. It did not buy or propose to buy the check of the defendants; it assumed to pay it as the obligation of Kunhardt & Co., and when informed by them that the condition — indorsement by payee — on which alone they authorized payment, had not been performed, they

took the risk of defeat by joining issue with their principals, and withheld their money until it could be determined. It was the business of the plaintiff as between itself and its depositors, to see to it that their money should not be expended except as they directed ( *Weisser* v. *Denison*, 10 N. Y. 68; *Morgan* v. *Bank of State of N. Y., supra; Graves* v. *Am. Exch. B'k, supra; Welsh* v. *German Am. B'k*, 73 N. Y. 424; 29 Am. Rep. 175), and having failed to do so, cannot charge the expense of an action caused by such default upon a third party. The defendant's liability in the present action stands upon a different and entirely distinct ground — the receipt of money paid under a mistake and without consideration. The same principle forbids rests in the computation of interest upon the amount paid.

Another proposition has been very strenuously argued for the appellant, to the effect that the court erred in excluding evidence offered to show, that by usage among banks in the city of New York it was the duty of the plaintiff to examine and satisfy itself as to the genuineness of the signatures of the drawer and payee of the check, and return the same immediately if not good.

The action before us is to recover money to which in conscience and good morals the defendant has no title, and it seeks to retain it upon the ground that by the custom of its kind within a certain city, its payor must at its peril ascertain whether a defect in title existed. Such an obligation might have been created by contract, and so a short statute of limitations imported into the transaction, or a limited period defined, after which the payor should be required to hold its peace; but this is contrary to the legal rights of the parties as fixed by the circumstances of the transaction, and I find no authority which gives that effect to a local usage, or permits it to be received in contradiction of the law merchant.

In *Rankin* v. *American Insurance Company* (1 Hall, 619) it was thought to be well settled that a usage could never be set up to contradict a rule of law, or to vary an express agreement, and on that ground it was decided that when by their

policy, insurers bound themselves to pay for all damages arising from perils of the sea, evidence of usage, in the port of New York, and elsewhere, that the insurer is not liable until upon survey made by certain officers it is found that the goods were properly stowed and that the damage arose from perils of the sea, is inadmissible, as varying the obligation and introducing a condition precedent into the contract. The same rule applies where usage is offered to oppose or alter a general principle or rule of law, and upon a given state of facts, make the legal rights or liabilities of the parties other than they are by the common law. In *Frith* v. *Barker* (2 Johns. 327), Kent, Ch. J., says usage "never is, nor ought to be, received to contradict a settled rule of commercial law." *Brown* v. *Jackson* (2 Wash. C. C. 24) was an action by the holder of a bill of exchange, against an indorser; the latter in defense offered to prove a custom that in the trade between this country and England, the English merchant receiving a bill, indorsed as the one in question was, must return it immediately on protest to the indorser; that if he call on the drawer for payment, he exonerates the indorser. It was held inadmissible as contrary to the established rule of law relating to such a subject. In *Barnard* v. *Kellogg* (10 Wall. 383) it is said, "If on a given state of facts, the rights and liabilities of the parties to a contract are fixed by the general principles of the common law, they cannot be changed by any local custom of the place where the contract was made." In the case before us the common law did not on the admitted facts impose the duty of examination of the check on the paying bank, and we think no custom can be admitted to imply one. Whatever tends to unsettle the law and make it different in different portions of the State, would lead to mischievous consequences, and be against public policy (*Thompson* v. *Ashton*, 14 Johns. 317), and so it has been frequently held.

In *Woodruff* v. *Merchant's Bank* (25 Wend. 673) a usage in the city of New York that days of grace were not allowed on a bill of exchange was held to be illegal. Nelson, J., saying, "if sanctioned, its effect would be to overturn the whole

law on the subject of bills of exchange in the city of New York, and it could not be allowed to control the settled and acknowledged law of the State in respect to this description of paper." There are cases in this court standing on the same doctrine. (*Security Bank* v. *Nat. Bank of the Republic*, 67 N. Y. 458; 23 Am. Rep. 129; *Fuller* v. *Robinson*, 86 N. Y. 306; 40 Am. Rep. 540.)

The plaintiff here had no means of knowledge of the character of the payee's indorsement, beyond those possessed by the defendant, nor, under the common law, was its duty of examination greater. (*Frank* v. *Lanier*, decided January, 1883.*). It cannot be charged with it, by proof of usage, without changing the law applicable to such transactions.

We think, therefore, the appellant's proposition in this respect was properly denied by the trial court, but for the reasons above stated, the judgment must be reversed, and a new trial granted, unless the plaintiff stipulates to reduce the judgment to an amount equal to $19,000, with interest from November 10, 1874, to date of verdict, and costs in the courts below, in which case the judgment so modified should be affirmed, without costs to either party in this court.

All concur, except RAPALLO, J., absent.

Judgment accordingly.