### COATES *et al. v.* HARVEY *et al.*

(*Superior Court of Buffalo, General Term.* June 29, 1888.)

1. SALE—WARRANTY—WHAT CONSTITUTES CONTRACT.
   Where plaintiff sues for a breach of warranty that certain onion seed sold was "Yellow Danvers," and defendant claims that a notice on the packages and billheads, which defendant saw, relieves him from the warranty, a charge that, if this notice formed part of the contract, plaintiff could not recover, is proper.

2. SAME—WARRANTY—CUSTOM OF THE TRADE.
   Testimony as to the custom of the trade in warranting seeds is not competent to change either the contract of the parties or settled rules of law.

3. TRIAL—INSTRUCTIONS—REQUEST TO CHARGE.
   Where the court fully charges on the questions raised by defendant's request to instruct, he is not called on to restate the law to the jury.

4. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.
   In such a case, where plaintiff is asked what a clerk of defendant, who was sent to examine the crop, said afterwards, and states, without objection, what he stated before seeing it, and that afterwards he asked what the damage was likely to be, the portion of the answer responsive to the question is immaterial, and the rest of the answer cannot now be objected to.

Appeal from trial term; HATCH, Judge.

James J. Coates and another sued Horace J. Harvey and another to recover damages for a breach of warranty in the sale of two pounds of onion seed. Verdict for plaintiffs, and defendants appeal.

*George Wing,* for plaintiffs. *Frank R. Perkins,* for defendants.

TITUS, J. This cause was originally tried before Judge SMITH, who took from the consideration of the jury every question except the one of damages. The verdict of the jury was set aside by the general term of this court, on the ground that whether the transaction at the time of the sale of the seed to the plaintiffs, as related by the witnesses, taken in connection with the printed notices, was a warranty that the seed was of the variety named, was a question of fact for the jury, and the trial court should have submitted it, instead of taking it from the jury. 10 N. Y. St. Rep. 276. On the last trial the whole case was submitted to the jury, and the verdict is in effect a finding that there was an express warranty that the seed was Yellow Danver onion seed. We must adhere to our former decision that it is a question for the jury to determine; and unless the court, in the trial of the case, committed some error, the verdict of the jury must stand.

The first exception taken by the defendants' counsel relates to the offer of the defendants to show the general custom among seed-dealers that they do not warrant seeds sold. After the defendant Harvey had testified that it had not been their custom to warrant seeds sold by them, he was asked whether this custom was not the general custom among seed-dealers. The court ruled out the evidence, and the defendants excepted to the ruling. The object of proving a general custom is to charge the purchaser with notice that he is dealing with the seller with such custom in view, and that it enters into and forms a part of the contract, in the absence of an express warranty; but the parties are competent to enter into a contract, and make such stipulations

as to quality and variety of articles sold, as they may think proper, and no general custom will affect or alter such a contract. The plaintiffs claim to recover damages on the theory that the defendants, when they sold the seed to them, warranted, not only that they would grow, but that they were Yellow Danver onion seed. The defendants, on the contrary, while not greatly differing from the plaintiffs as to what occurred at the time of the sale, claim that the printed notices which were put on the packages and bill-heads, and which the defendants had before seen, became a part of the contract of sale, and relieved them of the effect of the general rule that to sell articles by a descriptive character or designation is a warranty that the article sold is of such quality or character. This question was fairly submitted to the jury by the court. The judge charged the jury that, if these notices formed part of the contract of sale to the plaintiffs, they could not recover, but the defendants were entitled to a verdict. The jury, under this instruction, found in favor of the plaintiffs, and must have found that the notices did not form part of the contract. The jury was properly instructed on the law applicable to the case. This being so, the general custom among dealers was not material, and could have no bearing upon either the plaintiffs' or defendants' theory of the case. It certainly was not competent, by proof of such a custom, to change either the contract of the parties, or to set aside established rules of law. *Bank* v. *Bank*, 91 N. Y. 74. This case was to be determined by the contract of the parties as they had themselves made it, as evidenced by what occurred when the seed was bought.

While the onions were being harvested, Mr. Manly, a clerk in the employ of the defendants, was sent by them to the plaintiffs' premises to examine the crop. The witness Smith, who was called for the plaintiffs, testified that he went out with Manly to look at the onions, and had some conversation with him. He was asked to give the conversation he had with Manly after he had finished looking at them. This was objected to, and the court ruled that the witness might answer. He then gave a conversation had with Manly before he looked at the onions. This was not responsive to the plaintiffs' question, and no objection was made to the answer. The only portion of the witness' statement that was responsive to the question was that, while coming down the road, he said: "What would be likely to be the damage of these onions, what they would have been if they had been Yellow Danvers?" Independently of the fact that he was the agent of the defendants to make the examination, it does not seem that this portion of the answer was at all material, or bore upon the main question in the case, or could have in any way affected the verdict; and that portion of the answer not responsive to the question cannot now be objected to. The court fully instructed the jury on the question raised by the defendants' counsel's request to charge, and was not called upon to restate the law to the jury. The defendants have no reason to complain of the charge, as it was as favorable to them as the evidence warranted. The order appealed from must be affirmed, with costs.

HATCH, J., did not sit in this case.