Titus, J.
This cause was originally tried before Judge Smith, who took from the consideration of the jury, every question, except the one of damages. The verdict of the jury was set aside by the general term of this court, on the ground that whether the transaction at the time of the sale of the seed to the plaintiffs, as related by the witnesses, taken in connection with the printed notices, was a warranty that the seed was of the variety named, was a question of fact for the jury, and the trial cotirt should have submitted it, instead of taking it from the jury. 10 N. Y. State Rep., 276.
On the last trial the whole case was submitted to the jury, and the verdict is, in effect, a finding that there was an express warranty, that the seed was Yellow Danver Onion seed. We must adhere to our former decision, that it is a question for the jury to determine and unless the court in the trial of the case, committed some error, the verdict of the jury must stand.
The first exception taken by the defendants’ counsel relates to the offer of the defendants to show the general custom among seed dealers, that they do not warrant seeds sold. After the defendant, Harvey, had testified that it had not been their custom to warrant seeds sold by them, he was asked whether this custom was not the general custom among seed dealers. The court ruled out the evidence, and the defendants excepted to the ruling. The object of proving a general custom is to charge the purchaser with notice that he is dealing with the seller with such a custom in view, and that it enters into and forms a part of the contract in the absence of an express warranty; but the parties are competent to enter into a contract, and make such stipulations as to quality and variety of articles sold, as they think proper, and no general custom will affect or alter such a contract.
The plaintiff claims to recover damages on the theory that the defendants when they sold the seed to them, warranted not only that they would grow, but that they were Yellow Danver onion seed. The defendants, on the contrary, while not greatly differing from the plaintiffs, as to what occurred at the time of the sale, claim that the printed notices which were put on the packages and bill heads, and which the defendants had before seen, became a part of sale, and relieved them of the effect of the general rule that *391 to sell articles by a descriptive character or designation, is a warranty that the article sold is of such quality or character.
This question was fairly submitted to the jury by the ■court. The judge charged the jury, that if these notices formed part of the contract of sale to the plaintiffs they could not recover, but the defendants were entitled to a verdict. The jury under this instruction found in favor of the plaintiffs, and must have found that the notices did not constitute a part of the contract.
The jury was properly instructed on the law applicable to this case. This being so, the general custom among dealers was not material, and could have no bearing upon either the plaintiffs’ or defendants’ theory of the case. It certainly was not competent by proof of such a custom to change either the contract of the parties, or to set aside established rules of law. Corn Exchange Bank v. Nassau Bank, 91 N. Y., 74.
This case was to be determined by the contract of the parties as they had themselves made it, as evidenced by what occurred when the seed was bought.
While the onions were being harvested, Mr. Manley, a clerk in the employ of the defendants, was sent by them to the plaintiffs’ premises to examine the crop. The witness Smith, who was called for the plaintiffs, testified that he went out with Manley to look at the onions, and had some conversation with him. He was asked to give the conversation he had with Manley, after he had finished looking at them. This was objected to, and the court ruled that the witness might answer. He then gave a con versation had with Manley before he looked at the onions. This was not responsive to the plaintiff’s question, and no objection was made to his answer. The only portion of the witness’ statement that was responsive to the question was that while “ coming down the road he said what would be likely to be the damage of these onions, what they would have been if they had been Yellow Danvers.” Independent of the fact that he was the agent of the defendants to make the examination, it does not seem that this portion of the answer was at all material or bore upon the main question in the case, or could in any way have affected the verdict, and that portion of the answer not responsive to the question cannot now be objected to.
The court fully instructed the jury on the question raised by the defendants’ counsel’s request to charge, and was not ■called upon to restate the law to the jury. The defendants have no reason to complain of the charge, as it was as favorable to them as the evidence warranted. The order appealed from must be affirmed, with costs.
Hatch, J., not sitting.