■ LAWYERS' FUND FOR CLIENT PROTECTION, Plaintiff, v MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. CHEMICAL BANKING CORPORATION, Third-Party Defendant-Appellant. [688 NYS2d 159] —In an action, *inter alia*, to recover damages for the conversion of a check, Chemical Banking Corporation, the third-party defendant, appeals from (1) an order of the Supreme Court, Nassau County (Phelan, J.), entered June 25, 1997, which, *inter alia*, granted those branches of the motion of Morgan Guaranty Trust Company of New York, the defendant third-party plaintiff, which were for summary judgment on its breach of warranty claim under UCC 4-207, and for an attorney's fee, and (2) a judgment of the same court, dated November 6, 1997, which is in favor of Morgan Guaranty Trust Company of New York and against it in the principal sum of $159,123.13, which includes an attorney's fee plus costs and disbursements totaling $25,870.88.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by deleting therefrom the sum of $159,123.13 and substituting therefor the sum of $133,252.25; as so modified, the judgment is affirmed, and the order entered June 25, 1997, is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

After the Supreme Court found the defendant third-party plaintiff Morgan Guaranty Trust Company of New York (hereinafter Morgan Guaranty) liable in conversion (*see,* UCC 3-419 [1] [c] [payment on a forged endorsement]), it concluded that the collecting bank, the third-party defendant Chemical Banking Corporation (now Chase Manhattan Bank), was liable to Morgan Guaranty for breach of warranty (*see,* UCC 4-207). The court's award of damages on the third-party claim included the amount for which Morgan Guaranty was liable in the first-party action plus expenses, which included attorney's fees. In light of the appeal decided herewith, in which we affirm the finding of liability on the part of Morgan Guaranty for paying on the forged endorsement (*see, Lawyers' Fund for Client Protection v Morgan Guar. Trust Co.,* 259 AD2d 597 [decided herewith]), the only issue remaining is whether the court properly held that UCC 4-207 (3) permits an award of an attorney's fee in favor of a payor bank and against a collecting bank as part of a damages award for breach of warranty. We conclude that it does not and modify the judgment of the court so as to delete the award of an attorney's fee.

We acknowledge that there is a split in authority on this issue. There are New York cases holding that UCC 4-207 (3) does not authorize an attorney's fee (*see, Bank of N. Y. v Fleet Bank,* 176 Misc 2d 21; *Bank Polska Kasa Opieki v Pamrapo Sav. Bank,* 909 F Supp 948), and New York cases holding that UCC 4-207 (3) does authorize an attorney's fee (*see, Long Is. Trust Co. v National Bank,* 28 UCC Rep Serv 1442 [Sup Ct, Nassau County 1980]; *Provident Natl. Bank v National Bank,* 17 UCC Rep Serv 486 [Civ Ct, NY County 1975]; *Lund v Chemical Bank,* 675 F Supp 815, *revd on other grounds* 870 F2d 840). Similarly, in other jurisdictions, there are cases holding that UCC 4-207 (3) does not authorize an attorney's fee (*see, McAdam v Dean Witter Reynolds,* 896 F2d 750; *Riedel v First Natl. Bank,* 598 P2d 302 [Ore]), and cases holding that UCC 4-207 may be the basis for awarding an attorney's fee (*see, Perkins State Bank v Connolly,* 632 F2d 1306; *Vectra Bank v Best Western,* 890 P2d 259 [Col]; *Southern Provisions v Harris Trust & Sav. Bank,* 96 Ill App 3d 745, 422 NE2d 33).

UCC 4-207 (3) provides that "[d]amages for breach of [the] warranties [of presentment and transfer] * * * shall not exceed the consideration received by the customer or collecting bank responsible plus finance charges and expenses related to the item, if any".

Decisions holding that this section authorizes an attorney's fee under circumstances analagous to those at bar have relied on precatory language in UCC 4-207, Comment 5 of the Official Comments ("The 'expenses' referred to in [subsection 3] may be ordinary collecting expenses and in appropriate cases could also include such expenses as attorneys fees") as well as principles of common-law indemnification (*see, e.g., Bagby v Merrill Lynch, Pierce, Fenner & Smith,* 491 F2d 192 [common-law indemnification allows recovery of attorney's fees reasonably incurred in defense of the plaintiff's claim]; *Hoppe v First Midwest Bank,* 899 SW2d 879 [Mo] [same]). Persuasive as these decisions are, they are not controlling. Furthermore, the Official Comment must be read in conjunction with the New York Annotations to UCC 4-207, which provide as follows: "This subsection would limit recovery to the extent of 'the consideration received by the customer or collecting bank responsible plus finance charges and expenses relating to the item, if any' Compare Corn Exchange Bank v. Nassau Bank, 91 N.Y. 74 (1883); Whitney v. National Bank, 45 N.Y. 303 (1871)".

These cases serve to illustrate the proposition that a payor bank liable in conversion could not recover an award of an attorney's fee because they "were incurred * * * in whole or in part by the wrongful act or omission of duty on [its] part" (*Corn Exch. Bank v Nassau Bank,* 91 NY 74, 80; *Whitney v National Bank,* 45 NY 303 [innocent transferee of converted note could recover attorney's fees]; *see also, Muller v National Bank,* 96 App Div 71). It is significant, therefore, that the cited cases are preceded in the New York Annotations by the introductory signal "compare", which denotes that a *"[c]omparison of the authorities cited will offer support for or illustrate* the proposition" (A Uniform System of Citation, Rule 1.2 [b] [16th ed; emphasis in original]).

In light of the New York Annotations and the established rule precluding an award of an attorney's fee in the absence of explicit statutory or contractual language (*see, Mighty Midgets v Centenniel Ins. Co.,* 47 NY2d 12), we decline to hold that UCC 4-207 authorizes an award of an attorney's fee as breach of warranty damages for a payor bank liable in conversion.

The parties' remaining contentions are either academic or without merit. O'Brien, J. P., Ritter, Thompson and Goldstein, JJ., concur.