■ DOREEN GOLD, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. [709 NYS2d 203] —In an action to recover damages for breach of an insurance contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated November 4, 1999, as denied that branch of its motion which was to dismiss the third cause of action seeking to recover an attorney's fee and expert fees.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to dismiss the plaintiff's third cause of action to recover an attorney's fee and expert fees is granted.

After the defendant denied a claim for property damage made by the plaintiff pursuant to her homeowners insurance policy, she commenced this action, alleging a breach of contract and seeking punitive damages and to recover an attorney's fee and expert fees therefor. The Supreme Court granted the defendant's motion insofar as it sought dismissal of the claim for punitive damages, but denied that branch of the motion which sought dismissal of the claim to recover an attorney's fee and expert fees.

"It is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy [of insurance]" (*New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 324; *see also, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21). Accordingly, the defendant's motion to dismiss the third cause of action which sought to recover an attorney's fee and expert

fees, arising from the insurer's alleged breach of contract, should have been granted (*see, New York Univ. v Continental Ins. Co., supra; see also, Chase Manhattan Bank v Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005,* 258 AD2d 1; *Mazzuoccolo v Cinelli,* 245 AD2d 245). Santucci, J. P., Thompson, Friedmann and Krausman, JJ., concur.