In an action to recover damages for breach of contract and fraud, the defendants Culinary Connection, of Great Neck, Inc., Demetra Sirica, and Anthony Sirica appeal from so much of a judgment of the Supreme Court, Nassau County (Martin, J.), dated November 21, 2000, which, after a nonjury trial, was in favor of that plaintiff Culinary Connection Holdings, Inc., and against them in the principal sum of $349,632 including an award of $124,000 as an attorney’s fee on the cause of action alleging fraudulent conversion, the defendant Demetra Sirica appeals from so much of the same judgment as is in favor of that plaintiff and against her in the principal sum of $41,454 on the cause of action alleging conversion, and the defendant Culinary Connection of Great Neck, Inc., appeals from so much of the judgment as is in favor of that plaintiff and against it in the principal sum of $20,000 on the cause of action alleging breach of contract.
*559 Ordered that the judgment is modified, on the law and the facts, by deleting the provisions thereof awarding the plaintiff Culinary Connection Holdings, Inc., an attorney’s fee in the amount of $124,000 and damages in the amount of $41,454 on its cause of action alleging conversion and substituting therefor a provision awarding that plaintiff damages in the amount of $37,354 on its cause of action alleging conversion; as so modified, the judgment is affirmed, with costs to the plaintiff Culinary Connection Holdings, Inc.
Disclaimer clauses and merger clauses in a contract for the sale of property are ineffective to bar the consideration of parol evidence of misrepresentation by the seller unless the clauses refer to the particular subject matter as to which the representations are alleged with sufficient specificity to put the buyer on notice as to the clauses’ intended effect (see Danann Realty Corp. v Harris, 5 NY2d 317, 320 [1959]). The merger and disclaimer clause at issue here did not refer to any representations related to the past sales of the business the plaintiff Culinary Connection Holdings, Inc., purchased from the defendants. Further, the disclaimer clause cannot be used to preclude the introduction of evidence of any oral misrepresentations as the “facts allegedly misrepresented are peculiarly within the seller’s knowledge” (Hi Tor Indus. Park v Chemical Bank, 114 AD2d 838, 839 [1985] [internal quotation marks omitted]). The trial court correctly allowed the plaintiffs to present parol evidence related to the representations of the defendants about the past sales of the business.
However, the trial court erred in awarding the plaintiff Culinary Connection Holdings, Inc., $41,454 in damages on its cause of action alleging conversion of cash and property. The evidence presented at trial established that the defendants converted $4,534 in cash of which $1,000 had already been recovered and $33,820 in property. Therefore, the plaintiff Culinary Connection Holdings, Inc., was entitled to recover $37,354 in damages on its conversion cause of action.
Further, it is a well-settled rule in New York that attorneys’ fees are considered an incident of litigation and, unless authorized by statute, court rule, or written agreement of the parties, are not recoverable (see Hooper Assoc. v AGS Computers, 74 NY2d 487 [1989]; Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1 [1986]; Campbell v Citibank, 302 AD2d 150 [2003]). In the absence of an explicit statutory or contractual authority therefor, a right to attorneys’ fees will not be inferred (see Campbell v Citibank, supra; Lawyers’ Fund for Client Protection v Morgan Guar. Trust Co. of N.Y., 259 AD2d 598 *560 [1999]). Accordingly, the Supreme Court erred in awarding the plaintiff Culinary Connection Holdings, Inc., an attorney’s fee as there was not statutory or contractual authority for such an award (cf. Winkler v Allvend Indus., 186 AD2d 732 [1992]).
The defendants’ remaining contentions are without merit. Altman, J.P., H. Miller, Adams and Townes, JJ., concur.