■ HEDAYA HOME FASHIONS, INC., et al., Respondents, v AMERICAN MOTORISTS INSURANCE COMPANY, Appellant, et al., Defendants. [786 NYS2d 86]—

In an action, inter alia, to recover damages for breach of contract, the defendant American Motorists Insurance Company appeals from (1) a judgment of the Supreme Court, Kings County (Harkavy, J.), dated December 18, 2002, which, upon a jury verdict, is in favor of the plaintiffs and against it in the principal sum of $400,000 and (2) an order and amended judgment (one paper) of the same court dated April 25, 2003, which, inter alia, denied its motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, granted the plaintiffs' cross motion for an award of prejudgment interest and for a hearing to determine an award of a reasonable attorney's fee, litigation costs, and expenses, and is in favor of the plaintiffs and against them in the total sum of $628,470.

Ordered that the appeal from the judgment is dismissed on the ground that it was superseded by the order and amended judgment; and it is further,

Ordered that the order and amended judgment is modified by deleting the provision thereof which granted that branch of the plaintiffs' cross motion which was for a hearing to determine an award of a reasonable attorney's fee, litigation costs, and expenses; as so modified, the order and amended judgment is affirmed, without costs or disbursements.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). Great deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the factfinders, who had the opportunity to see and hear the witness (*see Corcoran v People's Ambulette Serv.*, 237 AD2d 402 [1997]). A review of the evidence in this case demonstrates that a fair basis existed for the jury verdict in the plaintiffs' favor finding that the appellant breached its insurance contract with them by improperly denying coverage for damage to the plaintiffs' machines resulting from a fortuitous event. Consequently, the trial court correctly denied the appellant's motion pursuant to CPLR 4404 (a) to set aside the verdict (*see Corcoran v People's Ambulette Serv., supra*).

The uncontroverted credible evidence at trial established that the actual value of the loss exceeded the policy limit. Thus, the Supreme Court appropriately confined the judgment to the policy limit, and correctly determined that prejudgment interest should be awarded from the earliest ascertainable date the cause of action arose (*see* CPLR 5001 [b]). Since the appellant failed to serve a demand for proof of loss, choosing instead to deny coverage, it waived the provisions of Insurance Law § 3407 (a), thus, the plaintiffs were not required to file a proof of loss statement as a condition precedent to coverage (*see Han-Ki Lee v American Tr. Ins. Co.*, 304 AD2d 713 [2003]; *Matter of State Farm Ins. Co. v Domotor*, 266 AD2d 219 [1999]).

The Supreme Court erred, however, in allowing the jury to consider the issue of damages arising from the defendant's alleged breach of the implied covenant of good faith and fair dealing. "It is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 324; *see also Gold v Nationwide Mut. Ins. Co.*, 273 AD2d 354 [2000].) In the absence

of explicit statutory or contractual authority therefor, a right to an award of an attorney's fee, litigation costs, and expenses will not be inferred (*see Culinary Connection Holdings, Inc. v Culinary Connection of Great Neck, Inc.,* 1 AD3d 558, 559-560 [2003], *lv denied* 3 NY3d 601; *Lawyers' Fund for Client Protection v Morgan Guar. Trust Co.,* 259 AD2d 598, 560 [1999]).

The appellant's remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.