JOHN C. FULLER et al., Appellants; *v.* WILLIAM A. ROBINSON, Impleaded, etc., Respondent.

An unreasonable or absurd custom, or one based upon a disregard of the relations which exist between men or the duties which, in law and morals, they owe to each other, cannot be set up to affect the legal rights of parties.

In an action to recover damages for fraud, plaintiff alleged that, in pursuance of a fraudulent conspiracy between the defendants, defendant Ward, who was employed by plaintiffs as broker to sell their cigars, sent them an order from defendant Richardson for a large quantity, to be sold on credit, which order they were induced to fill by reason of false representations on the part of defendant Robinson as to Richardson's responsibility. Upon the trial, Richardson claimed that plaintiffs did not rely upon the representations, and upon this question was permitted to prove, by persons engaged in the tobacco trade, that, by the custom and usage of that business, no reliance is placed by manufacturers and sellers of cigars upon the representations of brokers employed to sell, in respect to the credit of purchasers. *Held,* error.

(Argued June 20, 1881; decided October 11, 1881.)

Statement of case.

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 25, 1878, denying a motion for a new trial and directing judgment for defendant Robinson on a verdict.

This action was brought to recover the value of 688,000 cigars, sold by plaintiffs to defendant Richardson on credit, which sale the plaintiffs alleged was induced by false representations on the part of defendants, made in pursuance of a fraudulent conspiracy on the part of defendants to cheat and defraud the plaintiffs.

The material facts are stated in the opinion.

*Charles C. Bonney* for appellants. A usage and custom to be evidence must not be unreasonable or against common right or contrary to law, nor must it sanction what is unjust or what is against good morals. (*Snowden* v. *Warder*, 3 Rawle, 107 ; *Bryant* v. *Ins. Co.*, 6 Pick. 131, 145 ; *Kendall* v. *Russell*, 5 Dana, 501 ; *Barksdale* v. *Brown*, 1 Nott & McC. 517.) The verdict is so palpably and manifestly unjust, against law and the evidence in this case, when properly considered, as to leave no doubt that it was reached through misapprehension, ignorance or improper influence. (*McDaniels* v. *Walter*, 40 N. Y. 551, 553, 554 ; *Algeo* v. *Duncan*, 39 id. 313 ; 3 Graham & Waterman on New Trials, 1176, 1203, 1330–1334 ; *Platt* v. *Monroe*, 34 Barb. 291 ; *Rathbone* v. *Stanton*, 6 id. 141 ; *Evilett* v. *Aarmon*, 33 Me. 275 ; *The I. P. & C. R. R. Co.* v. *Tyng,* 2 Hun, 311 ; *Morehouse* v. *Yeager*, 71 N. Y. 594.)

*Samuel G. Courtney* for respondent. The employment of a broker, where there is no evidence to the contrary, is an authorization on the part of the employer for the broker to act as other brokers act, and the principal was bound by the usage of the trade or business, to perform which his agent was employed. (*Bayliffe* v. *Butterworth*, 1 Exch. 425.) Evidence of a custom or usage is admissible, and is binding upon a contracting party, although he himself was not in the same business or trade in which the custom existed. (12 Q. B. 765 ; *Et-*

*erly* v. *Cole*, 3 Comst. 502 ; *Astor* v. *Union Ins. Co.*, 7 Cow. 202.) There being no evidence or pretense that plaintiffs did not contract in reference to the prevailing usage or custom they were necessarily bound by it. ( *Wadsworth* v. *Alcott*, 6 N. Y. 72.)

ANDREWS, J. The letter of September 5, 1874, written by Robinson, was an important item of evidence bearing upon the question of his complicity in the gross fraud practiced upon the plaintiffs. It is a conceded fact, that prior to the date of the letter, the plaintiffs had employed Robinson as broker, to make sales of cigars in the city of New York, and other eastern markets. The plaintiffs, were residents of Illinois, where the cigars were manufactured. In the letter, Robinson advises the plaintiffs, of the sale by him on the previous day to Richardson, of twelve cases of cigars, then in his possession, and referring to Richardson, he says : "Mr. R. is A No. 1, and good for all you can sell him." Robinson inclosed, in the letter, an order for 500,000 cigars, to be manufactured and sent to Richardson, on sixty days' credit, the prices of which were specified. Robinson states in the letter, that he had taken this order from Richardson. The plaintiffs filled the order, and sent the cigars to Richardson. When the acceptances taken for the goods matured, they were protested, and no part of the debt has been paid. The evidence clearly shows, that Richardson was an adventurer, without means or credit, and that he was a party to a fraudulent scheme to get possession of the plaintiffs' property. The transaction, so far as Richardson was concerned, was a cheat and swindle. The defendant Robinson claimed, that he acted in the matter in good faith, and was himself deceived. When the letter was written, he had never seen Richardson. The twelve cases reported in the letter as having been sold by him, were in fact sold by the defendant Hunt, the general agent of the plaintiffs, and the order for the 500,000 cigars, was taken by Hunt, and not by Robinson. The misstatements of fact in the letter, were explained on the trial by Robinson, and as the jury

found in his favor, the explanation may have been satisfactory, and the verdict may have passed in his favor on the ground, that he was not a guilty participant in the fraud.

But it was claimed on the trial by the counsel for Robinson, that the plaintiffs, in selling the goods, did not, in fact, rely upon the representation as to the credit and solvency of Richardson, contained in Robinson's letter; and the court, upon his request, charged the jury, that if the plaintiffs in filling the order did not rely upon the statements contained in the letter, he was entitled to a verdict in his favor. The jury may, therefore, have based their verdict in favor of Robinson on this issue, an it becomes material to inquire whether any incompetent evidence bearing thereon, was admitted, prejudicial to the plaintiffs. The defendant was permitted to show, by persons engaged in the tobacco trade, that by the custom and usage of that business, no reliance is placed by manufacturers and sellers of cigars and tobacco, upon the representation of brokers employed to make sales, in respect to the credit of the persons from whom time orders are procured, but that the principal ascertains for himself, whether the persons ordering through the broker are entitled to credit, paying no regard to the broker's representation upon the subject. The only conceivable purpose of this evidence, was to lay the basis for an inference by the jury, that Robinson's representation as to the credit of Richardson, although it might be found to be false, and made with intent to defraud, did not in fact influence the plaintiffs, and that they filled the order, and parted with their goods, without placing any reliance thereon. We think this evidence was incompetent.

Evidence of a usage, or custom of trade, is frequently admitted to annex unexpressed incidents to contracts, or to explain ambiguous and doubtful phrases, in written agreements. But reasonableness is one of the requisites of a valid usage, and an unreasonable, or absurd custom, cannot be set up to affect the legal rights of parties. Evidence of the custom of a particular trade is admitted, to supply what is not expressed, or to explain what is doubtful, upon the presumption that persons engaged therein, are acquainted with, and understand and tacitly assent, that their contracts shall be interpreted in

the light of the recognized usages. But there is no ground for this presumption, where the usage attempted to be shown, is repugnant to common sense, or is based upon a disregard of the relations which exist between men, or the duties which in law and morals, they owe to each other.

In this case the broker was employed to sell goods in the New York, and eastern markets, manufactured by principals residing in a distant State. The broker, was bound to the utmost fidelity, in the business of his employers. His relation to them was such, that naturally, his representations in respect to the commercial credit and pecuniary ability of his customers, would carry weight and influence. He was bound in law, and in morals, to make no representation which he knew to be false, and to conceal nothing which he should learn in the course of his employment, which it was for the interest of his employers to know. The plaintiffs had intrusted him with their interests. They, of course, would take notice of the fact that the broker was interested to earn his commissions, but they had a right to assume that representations made by him in the course of his employment, would be truthful. The custom and usage which was allowed to be shown, proceeds upon the theory, that a broker in the tobacco trade, is unworthy of the confidence of his employer, and that this is so well understood, that it has become the rule of the relation between them, that the employer ignores, and disregards, the representations of the broker, upon the vital question of the financial credit of customers, although the representation was made in the course of his duty. It was competent for the defendant to show, that the plaintiffs did not, in fact, rely upon, and were not influenced by the representation contained in his letter. But this could not be shown, we think, by proof of a custom or usage in the tobacco trade. The question, although somewhat informally raised, was sufficiently presented by the exceptions.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.