David 0. Boehm, J.
The plaintiff has brought this action against the defendant to recover a claimed balance due for labor and materials furnished to the defendant and now brings this motion for summary judgment.
Defendant is the general contractor for the remodeling of a public school in the City of Rochester and contracted with the plaintiff as a subcontractor for the installation of kitchen equipment. The plaintiff’s complaint alleges full performance and satisfactory completion, including acceptance by the architect as required in the contract, and demands judgment for the balance of $3,200 retained by the defendant. The defendant’s answer consists of a general denial.
In support of its motion for summary judgment, the plaintiff has annexed to the motion papers a letter dated April 12, 1972 from the architect addressed to the plaintiff advising that the entire project had not yet received final approval or acceptance nor had final payment been made to the defendant, but the lack of such final approval did not involve the kitchen equipment or installation and therefore they were approved and accepted.
In opposition, the defendant asserts in a reply affidavit that it has instituted its own action against the Board of Education of the City of Rochester for the final balance due the defendant by reason of its own contract with the Board of Education regarding the same school.
The answer of the Board of Education in that action, a copy of which is attached to the defendant’s papers, among other affirmative defenses, alleges that the architect has not issued a certifica-te of completion for the work performed on the project as required by the contract and the money sued for is not due until the certificate is issued.
Defendant therefore argues that since the subcontract of the plaintiff is included in the contract between the plaintiff and the Board of Education, and since that contract requires final approval and acceptance of the architect as a condition of payment to the defendant, it is also a condition of payment to the *445 plaintiff. Since .this condition has not as yet been met, the defendant says, it is not liable to plaintiff at this time.
The defendant further argues that the letter written by the architect to the plaintiff is not legally sufficient to satisfy the contract and, further, that by trade custom and usage the general contractor always withholds moneys retained from a subcontractor pending final approval and acceptance of the total job.
The defendant’s position regarding trade usage is not included in its pleadings and superficially touched on in its answering papers. It was brought out mainly in its oral argument.
There is no reason to resort to trade practices or evidence of custom for an interpretation when the contract is unambiguous (Matter of Western Union Tel. Co. [ACA], 299 N. Y. 177, 184). Even if there were, such trade usage would have to be demonstrated by something more than oral argument. “ The existence and scope of such a usage are to be proved as facts.” (Uniform Commercial ¡Code, § 1-205, subd. [2].)
New York permits parol evidence of the trade custom to explain the meaning of a contract term and defendant has referred the court to Fuller v. Robinson (86 N. Y. 306) as one among the many authorities for the rule. Nevertheless, such evidence, if it is to be used to defeat a motion for summary judgment, should at the very least be contained in an opposing affidavit, not in counsel’s argument. The only reference to it in the opposing affidavit is a single sentence: “ In the ordinary course of the construction trade, retainer is not; only withheld by general contractor from the subcontractor pending final approval and acceptance, but is and in this case has been withheld by the owner, Board of Education, from Friederich.” This single reference to custom and usage in the construction trade is otherwise unsupported in the answering papers.
Accepting the defendant’s position would seem to lead to anomalous results. It would mean that if a subcontractor’s materials or labor were fully and satisfactorily completed, he would nevertheless have to wait for final payment simply because the work or material of another subcontractor or of the general contractor is unsatisfactory or incomplete. Although the subcontractor has no control over the work of the general contractor or the other subcontractors, he, the defendant argues, is nevertheless bound by their delay or incompetence. Neither the language of the contract, nor the law, requires such a result. Indeed, the very case to which the court is referred by the defendant holds that trade usage will not be permitted to accomplish an unfair purpose (Fuller v. Robinson, 86 N. Y. 306, supra).
*446 If such a result were intended, it should have been explicitly spelled out in the contract. The court should not be called upon at this time to engraft that meaning into it. In all events, the express terms of the contract would control trade usage (Uniform Commercial Code, § 1-205, subd. [4]).
Paragraph “ eleventh ” of the contract between plaintiff and defendant provides that defendant, upon approval and payment of its certificates by the 1 ‘ Architect, Engineer and/or Owner [Board of Education] ” shall pay to the plaintiff “ the value of the work done by him and for his materials * * * in the amount allowed to Friederich on account of the subcontractor’s said work and materials * * * less a retainer of 10%. ” It then goes on to say: “Any balance due the subcontractor shall be paid within 30 days (90 days, if the owner is a division or commission of the State of New York) after Ms work is finally approved and accepted by the Architect and/or Engineer or when final payment is made to Friederich by the owner.” (Emphasis supplied.)
Thus, although a subcontractor will not be paid at all until the general contractor’s certificates have been approved by the architect, engineer and/or owner, the 10% retainer from such payments must be paid to the subcontractor ‘ ‘ after his work is finally approved and accepted by the Architect and/or Engineer.”
The meaning and intent are quite clear. The word “his” refers to the subcontractor, not the general contractor. The meaning may not be changed by an attempt to invoke trade custom.
The defendant calls attention to paragraph “ first ” of the contract to support its position that the subcontractor must wait for his retainer payment as long as the contractor does. However, all that paragraph ‘ ‘ first ’ ’ does is to require the plaintiff to provide the materials, labor and appliances necessary to complete the work to everyone’s satisfaction and in accordance with the conditions and specifications of the contract between the defendant and the Board of Education. It does not control the manner of payment for performance as between the plaintiff and the defendant. Paragraph “ eleventh ” does that and, as indicated, it calls for payment of any retainer to plaintiff after his work is finally approved and accepted.
It is also argued by the defendant that the requirement for final approval as contemplated in the contract is not satisfied by a letter from the architect to the subcontractor, but that such final approval can only be evidenced by a certificate sent to the *447 general contractor. However, final approval need not be given in any particular way. The contract does not require a particular form nor does it require notice to the general contractor. Final approval need only be given in a manner sufficient to clearly indicate the architect’s approval. There is no rigid formalistic procedure required and the letter from the architect on its own stationery, signed by a partner, satisfies the requirement.
In Hughes Co. v. Sapphire Realty Co. (11 N Y 2d 17, 18), the Court of Appeals pointed out that, when a written notice, in this case a certificate as called for by the contract, is issued, it is “conclusive and decisive on the rights of the parties” unless it is shown to have been obtained by fraud or mistake, even though the form of the certificate may not be in the precise language of' the contract.
Although the defendant’s answer admits the existence of a contract, it denies that plaintiff fully and satisfactorily performed, and denies owing any money to plaintiff. However, in its reply affidavit signed by the secretary of the corporation, the defendant inferentially admits that there is retainage due the plaintiff, for on page 3 of the affidavit, it states, “ In essence, the retainer currently withheld by the Board of Education on this project includes that portion which would become due CableWiedemer Inc. upon final approval and acceptance of the architect.”
In addition, there is attached to and made a part of the same reply affidavit a copy of the defendant’s summons and complaint in its action against the Board of Education which alleges that the work has been finally completed and accepted by the Board of Education and the retainage in the amount of $85,802.80 which is still withheld by the board is now due and payable. As part of the moving papers, these pleadings may be looked to for the purposes of the motion and the defendant’s affidavit and complaint clearly show that the denial in its answer that the plaintiff fully performed is one of form rather than substance.
The plaintiff has received the final approval required by its contract with the defendant. It is entitled to payment. No question is raised in the papers as to the amount of $3,103.10 which the plaintiff claims is due. This balance is not disputed.
As the defendant’s affidavit correctly notes: “ The central issue in this proceeding is whether or not the conditions of the subcontract between plaintiff and defendant regarding final payment have been met. ’ ’ This issue is decided in favor of the plaintiff and it is, therefore, entitled to summary judgment.
Motion granted.