■ E. W. HOFFMANN, INC., Respondent, v AETNA CASUALTY & SURETY COMPANY et al., Appellants.—In an action, *inter alia,* to recover for work,

labor and services, defendants appeal·from a judgment of the Supreme Court, Suffolk County, entered September 26, 1974, in favor of plaintiff, upon an order which, *inter alia,* granted its cross motion for summary judgment. Judgment reversed and order reversed insofar as reviewed, with one bill of $20 costs and disbursements, and cross motion denied. The language of the agreement in question provides that payment of the agreed contract price shall be "in accordance with Section 5 hereof." Section 5, in turn, provides that the contractor agrees to pay the subcontractor, "upon the payment of certificates * * * the amount allowed to the Contractor on account of the Subcontractor's work to the extent of the Subcontractor's interest therein." Thus, until the certificates are paid, plaintiff is not entitled to be paid. The case upon which plaintiff relies indicates that similar contract language precluded any payment to the subcontractor by the contractor until "approval and payment of its [contractor's] certificates"; but, further language in the contract provided for payment " 'after his [the subcontractor's] work is finally approved' " *(Cable-Wiedemer, Inc. v Friede-rich & Sons Co.,* 71 Misc 2d 443, 446). Plaintiff refers us to no contract language of similar import in the contract at issue. Rabin, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.